**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

ROBERT VALANSKY          )          No. 13-573
                              )
         V.                )
                              )
CAROLYN COLVIN         )

## OPINION AND ORDER

### SYNOPSIS

In this action, Plaintiff filed for disability benefits pursuant to Title XVI of the Social

Security Act, 42 U.S.C. 401 et seq. Plaintiff claimed disability due to mental and physical

impairments. The claims were denied initially, and upon hearing. The Appeals Counsel denied

review of his appeal. Before the Court are the parties' cross-motions for summary judgment. In

particular, Plaintiff takes issue with the content of the ALJ's RFC and hypothetical to the

vocational expert, and her treatment of the opinion of Dr. Perconte, a consulting examiner.[1] For

the following reasons, Plaintiff's Motion will be granted, Defendant's denied, and this matter

remanded.

### OPINION

## I.     STANDARD OF REVIEW

Judicial review of the Commissioner's final decisions on disability claims is provided by

statute. 42 U.S.C. §§ 405(g) 6 and 1383(c)(3) 7. Section 405(g) permits a district court to review

the transcripts and records upon which a determination of the Commissioner is based, and the

court will review the record as a whole. See 5 U.S.C. §706. When reviewing a decision, the

district court's role is limited to determining whether the record contains substantial evidence to

---

[1] Plaintiff does not, in any substantive way, challenge the ALJ's findings as to physical disability. I cannot
meaningfully assess Plaintiff's overbroad assertions in that regard.

support an ALJ's findings of fact. Burns v. Barnhart, 312 F.3d 113, 118 (3d Cir. 2002).

Substantial evidence is defined as "such relevant evidence as a reasonable mind might accept as

adequate" to support a conclusion. Ventura v. Shalala, 55 F.3d 900, 901 (3d Cir. 1995) (quoting

Richardson v. Perales, 402 U.S. 389, 401, 91 S. Ct. 1420, 28 L. Ed. 2d 842 (1971)). If the ALJ's

findings of fact are supported by substantial evidence, they are conclusive. 42 U.S.C. § 405(g);

Richardson, 402 U.S. at 390.

A district court cannot conduct a de novo review of the Commissioner's decision, or re-

weigh the evidence of record; the court can only judge the propriety of the decision with

reference to the grounds invoked by the Commissioner when the decision was rendered. Palmer

v. Apfel, 995 F.Supp. 549, 552 (E.D. Pa. 1998); S.E.C. v. Chenery Corp., 332 U.S. 194, 196 - 97,

67 S. Ct. 1575, 91 L. Ed. 1995 (1947).

## II.     THE PARTIES' MOTIONS

First, Plaintiff complains that the ALJ's hypothetical to the vocational expert, on which

she relied in arriving at her RFC, was deficient; likewise, Plaintiff challenges the inclusiveness of

the RFC.

The exchange that the ALJ relied on occurred as follows:

> Please assume an individual of the same age, education, and work experience as
> the claimant.  This individual would be able to perform work at all exertional
> levels,  And this individual is able to understand, remember and carry out
> instructions.  This individual is able to make judgements [sic] on simple work
> related decisions, interact appropriately with supervisors and co-workers in a
> routine work setting.  This individual is able to respond to usually [sic] work
> situations and to changes in a routine work setting.  Could an individual with
> these limitations perform the claimant's past work, as it is actually performed, or
> as it is generally performed per the DOT?

The VE responded that Plaintiff would be able to perform his past telemarketing and temporary worker positions, but due to the restriction to simple decision making, could not perform his other past work.  In her decision, the ALJ adopted this response.

When relying on a vocational expert, an ALJ must accurately convey to the expert all of the claimant's "credibly established limitations." McClain v. Astrue, 2011 U.S. Dist. LEXIS 72652.  "Limitations that are medically supported and otherwise uncontroverted in the record, but that are not included in the hypothetical question posed to the expert, preclude reliance on the expert's response." Burns v. Barnhart, 312 F.3d 113, 123 (3d Cir. 2002).

Here, the ALJ expressly found, consistent with the medical opinions of record, that Plaintiff had moderate impairment with concentration, persistence, and pace.  Although the hypothetical limited Plaintiff to simple decision making, such a limitation does not sufficiently account for these moderate impairments.  Ramirez v. Barnhart, 372 F.3d 546 (3d Cir. 2004); cf. Stiteler v. Comm'r of Soc. Sec., 2013 U.S. Dist. LEXIS 46482 (D. Del. July 7, 2011).  A hypothetical limiting a claimant to "simple, routine tasks," "simple and repetitive tasks," or "simple and unskilled work," for example, might account for moderate limitations in concentration, persistence, and pace.  Padilla v. Astrue, 2011 U.S. Dist. LEXIS 144374, at **29-31 (D.N.J. Dec. 15, 2011); Elliott v. Astrue, 2012 U.S. Dist. LEXIS 97132, at *22 (D.N.J. July 11, 2012).  The restriction used here, however – "able to make judgments on simple work-related decisions" – is not analogous, as decision making ability does not reflect difficulties in concentration and pace.   Similarly, the ALJ expressly found that Plaintiff has moderate limitations in his social functioning.  The ALJ failed to accurately portray these limitations.  Such a hypothetical is not substantial evidence .  Debias v. Astrue, 2012 U.S. Dist. LEXIS 81161, at **12-15 (E.D. Pa. June 12, 2012).  Likewise, an RFC should not fail to take into

account limitations that an ALJ has found are supported by the record. <u>March v. Comm'r of</u> <u>SSA</u>, 462 Fed. Appx. 671, 673-74 (9th Cir. 2011).[2]  Although Defendant contends that any such error is harmless, it is not clear that this is so; a proper hypothetical might affect step four of the sequential analysis.

Second, Plaintiff avers that the ALJ selectively accepted and rejected medical evidence without reasonable basis.   In particular, the ALJ accepted Dr. Perconte's opinion, but rejected his opinion that Plaintiff was markedly limited in dealing with normal work stress.  The ALJ rejected this opinion because it was inconsistent with objective evidence of record, and Dr. Perconte's own report.  The ALJ's treatment of Dr. Perconte is supported by substantial evidence.  A marked limitation is defined as a limitation that "interferes seriously with [the] ability to independently initiate, sustain, or complete activities," and is "more than moderate." 20 C.F.R. § 416.926.  The ALJ thoroughly assessed all the evidence of record, which, as Defendant points out, included treating physician Dr. Jahangeer's mental status examinations, evidence of Plaintiff's ability to function appropriately in the public domain (<u>i.e.</u>, at sporting events and the gym), and Dr. Perconte's own report.   Given the entire record, and my limited scope of review, I find that the ALJ's approach to Dr. Perconte's opinion is supported by substantial evidence.

## CONCLUSION

This matter will be remanded, to allow the ALJ reassess the RFC and hypothetical to the VE in light of the moderate limitations that she found in persistence, pace, and concentration, and in social functioning, or clarify why the RFC and hypothetical failed to include those limitations.  An appropriate Order follows.

## ORDER

---

[2] I don't eliminate the possibility that the ALJ had an appropriate reason for excluding these limitations from the hypothetical and RFC.  If so, remand provides an opportunity for clarification.

AND NOW, this 6th day of February, 2014, it is hereby ORDERED, ADJUDGED, and DECREED that Plaintiff's Motion for Summary Judgment is GRANTED, and this matter is remanded for further proceedings consistent with this Opinion.

BY THE COURT:

/s/Donetta W. Ambrose

Donetta W. Ambrose

Senior Judge, U.S. District Court